Filed 7/8/21  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090169 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F6855) |
| v. | |
| NICKOLAS EVERETT WILLIAMS, | |
| Defendant and Appellant. | |

Defendant Nickolas Everett Williams pled no contest to discharging a firearm with gross negligence and felony assault with force likely to produce great bodily injury.  The plea agreement included three years' probation and permitted him to withdraw his plea as to the firearm count and seek dismissal of that count if he complied with probation without "violation" during his first 18 months of probation.  Nearly three years into probation, the court found defendant violated probation and sentenced him on the two underlying crimes to three years in prison.  Defendant contends on appeal that the sentence imposed exceeds the plea agreement because the court should have dismissed the discharging a firearm count as there were no probation violations "sustained or

1

pending" during the first 18 months of probation.  For reasons explained below, we shall affirm.

## I.  BACKGROUND

*A.      Underlying Convictions*

Defendant had an escalating verbal argument with his mother, whom he lived with, before threatening to kill her with a shotgun; he eventually fired the shotgun in the house.  Police arrived and had to use chemical agents to remove defendant from the house to arrest him.

Defendant was charged with felony making criminal threats (Pen. Code, § 422— count 1),[1] with the enhancement he used a deadly weapon in its commission (§ 12022, subd. (b)); felony discharging a firearm with gross negligence (§ 246.3—count 2); misdemeanor resisting a peace officer (§ 148, subd. (a)(1)—count 3); and felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)—count 4).

On March 14, 2016, defendant pled no contest to counts 2 and 4.  The handwritten portion of the plea agreement form stated the agreed disposition as:  "36 mos [probation] at initial sentencing, w 90 days adult work program.  Should [defendant] comply w/ probation without violation for 18 mos, [defendant] may withdraw his plea to Ct. 2 and have that charge[] dismissed."  At the change of plea hearing, the court confirmed defendant's understanding of the plea, phrasing the disposition as:  "In 18 months should you have no violations of probation either sustained or pending, no other violations of law, you may withdraw your plea to Count 2 and have that charge dismissed. . . .  Does that sound like the agreement you reached?"  Defendant responded, "Yes."  Counts 1 and 3 were dismissed with *Harvey* waivers.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] See *People v. Harvey* (1979) 25 Cal.3d 754.

On April 26, 2016, the trial court suspended imposition of sentence and granted three years of formal probation. The probation order included 19 conditions including that he: serve two days in jail and "report in person to the Probation Officer immediately upon release"; serve 90 days in the Adult Work Program; attend and participate in an orientation as directed by the Probation Department; refrain from using or possessing alcoholic beverages and any controlled substances; and violate no laws.

B.     *Probation Revocation*

On March 20, 2019, the probation department filed a petition for revocation of probation. The petition alleged four probation violations relating to defendant abusing his mother and resisting arrest in January and March of 2019. Defendant admitted two of the violations and the other two allegations were dismissed pursuant to a plea.

The probation report for the violation sentencing detailed several incidences of defendant's failure to comply with his probation conditions. This included failing to initially report to probation until April 19, 2017, not participating in required programs throughout 2017, being found possessing marijuana and ammunition in April 2018, being "booked on a violation of probation" for having a "verbal altercation with his mother" in August 2018, and being booked and released after having a blood-alcohol content of .20 percent in December 2018. The report also noted that, "[a]lthough this represents the defendant's first sustained petition, the present admission follows more than two years of negligible compliance with his supervision, as the defendant has routinely disregarded the directives given him by those supervising his probation and has disregarded the Court's orders in respect to his abstention from alcohol and non-harassment of the victim."

At the sentencing hearing, defendant testified to "drinking alcohol again" and confirmed he had "gone through a lot of problems in" his life since being placed on probation. Defendant also said he "had never met [his] probation officer or seen them."

The court denied reinstatement of probation and sentenced defendant to the midterm of three years for assault likely to produce great bodily injury and two years for discharging a firearm but stayed this term under section 654.

## II.  DISCUSSION

Defendant alleges his sentence exceeds the terms of his plea agreement and therefore violates his right to due process.  The plea agreement entitled him to dismissal of count 2 if he had no probation violations during the first 18 months of probation.  Though he concedes his performance during this time was "imperfect," he claims there were no violations "sustained or pending" within that time.  Defendant also concedes he did not raise this issue at sentencing but urges us to exercise our inherent authority to reach the issue even if it wasn't preserved.

### A.    *Forfeiture*

" 'No procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " (*U.S. v. Olano* (1993) 507 U.S. 725, 731.)  "[F]orfeiture is the failure to make the timely assertion of a right." (*Id.* at p. 733.)  " '[F]orfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right.' " (*King v. Superior Court* (2003) 107 Cal.App.4th 929, 938.)  "[T]he forfeiture rule applies in the context of sentencing as in other areas of criminal law." (*In re Sheena K.* (2007) 40 Cal.4th 875, 881.)

Defendant failed to exercise his right under the plea agreement.  The written plea agreement stated:  "Should [defendant] comply w/ probation without violation for 18 mos, *[defendant]* may withdraw his plea to Ct. 2 and have that charge[] dismissed." (Italics added.)  The trial court's oral summary similarly stated defendant "may withdraw [his] plea" if he had no violations at the 18-month mark.  Regardless of what "violation" meant, the plea agreement unquestionably made it defendant's obligation to withdraw

from the plea as to count 2. It was not the court's obligation, prosecutor's obligation, or probation department's obligation to withdraw defendant from the plea. (See § 1018 ["every plea shall be entered or withdrawn by the defendant himself or herself in open court"].) Defendant had over a year to exercise this right if he felt the plea agreement permitted him to withdraw at the 18-month mark. He failed to do so and even failed to mention this right to withdraw at the sentencing hearing where the trial court adjudicated the subject matter of the plea. Defendant therefore forfeited any rights he may have had under the plea agreement by failing to timely assert such rights.

## B.  *No Ineffective Assistance of Counsel*

Defendant alleges that he suffered from ineffective assistance of counsel if we find he has forfeited his claim. We disagree.

"To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Scott* (1997) 15 Cal.4th 1188, 1211.) We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation.] Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." (*People v. Maury* (2003) 30 Cal.4th 342, 389; see *People v. Jones* (2003) 29 Cal.4th 1229, 1254 ["where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions"].)

The record here is inadequate for an evaluation of defendant's ineffective assistance of counsel claim. Again, defendant's potential right to withdraw from the plea as to count 2 was never raised, so there is no discussion in the record regarding this decision. Without any indication for the potential reasoning we are obligated to affirm the judgment if there could be a satisfactory explanation for the decision.

Here, there are several possible reasonable explanations for defense counsel's silence before the sentencing hearing. The probation report and defendant himself confirmed he had been noncompliant long before the end of the 18-month window, including that he initially failed to report to probation for at least a year later, and he had been drinking alcohol. Had defendant moved to withdraw at the 18-month date, defense counsel could have reasonably believed the probation department would be motivated to then file formal violations for defendant's noncompliant behavior. This would have eliminated defendant's opportunity to improve his behavior and avoid probation revocation on count 4, which was not subject to dismissal under the plea. It is also possible defense counsel was aware of other noncompliant behavior that had not been brought to the probation department's attention yet, so counsel knowingly refrained from seeking withdrawal to avoid the probation department from discovering this behavior.

Reasonable explanations exist for not bringing up the plea at the sentencing hearing as well. Defense counsel could have understood the trial court's oral summary of the plea as permitting defendant to withdraw only if there were "no violations of probation either sustained or pending" at the time of withdrawal. Since there were formal violations pending as of March 20, 2019, and defendant admitted to the behavior supporting the violations, counsel could have reasonably believed defendant was ineligible to withdraw from the plea by the hearing,

We cannot say for certain the real reason for defense counsel's tactics because of the state of the record. But as there are potential reasonable explanations, we find defendant's ineffective assistance of counsel claim must fail.

6

## III. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MAURO, J.

7